UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


DAVID BOWEN #482624,
          Plaintiff

      v.                              NO. 2:08-cv-12877

MICHIGAN DEPARTMENT         DISTRICT JUDGE AVERN COHN
OF CORRECTIONS,                MAGISTRATE JUDGE STEVEN D. PEPE
SERGEANT ALLEN.
          Defendants
_____/


**ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND FOR AN EXTENSION OF TIME
TO RESPOND TO MOTION TO DISMISS (DKT. #14)**

Plaintiff, David Bowen, is presently incarcerated by the Michigan Department of Corrections ("MDOC"). On July 7, 2008, Plaintiff filed this action under 42 U.S.C. § 1983 against Defendant, MDOC, Sergeant Allen, alleging violations of the Eighth Amendment's protection against cruel and unusual punishment (Dkt. #1). In his complaint, Plaintiff alleges that while incarcerated Defendant Allen required him to move from one unit to another which involved climbing stairs that Plaintiff alleges was contrary to his medical detail. Plaintiff fell down and hurt his back.

      Defendant, Patricia Caruso has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) based on the fact that Patricia Caruso is not a named Defendant (Dkt. #11). Plaintiff, by way of letter, moves this court to allow him to amend his complaint to add "these individuals as defendant [sic]." He further requests an extension of time to respond to the motion to dismiss.

1

Under Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . A party shall plead in response to an amended pleading . . . within 10 days after service of the amended pleading, . . . unless the court otherwise orders." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to dismiss, however, does not constitute a responsive pleading. *Knecht v. Ohio Adult Parole Authority*, 215 F.3d 1326 (Table), 2000 WL 659030, *4 (6th Cir.2000); C. Wright, A. Miller, & M. K. Kane, 6 *Federal Practice and Procedure* § 1483, at 585-87 (2d ed. 1990). Therefore, Plaintiff may be entitled to amend his complaint. Yet, a plaintiff in a case covered by the Prison Litigation Reform Act may not amend his complaint to avoid a *sua sponte* dismissal (*Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)), and leave to amend may always be denied if the proposed amendment is futile (*Foman*, *supra*, 371 U.S. at 182).

Due to the fact that Plaintiff failed to submit a copy of his proposed amended complaint with his motion in accordance with E.D. MICH. L R 15.1, or fully explain in his motion how he wishes to amend his complaint, this Court cannot make a determination on Plaintiff's motion for leave to amend. Accordingly, Plaintiff is ordered to submit his proposed amended complaint within twenty days from the date of this Order so that the Court may determine whether the proposed amendment(s) can be allowed. Plaintiff's proposed amended complaint shall be clearly marked to delineate where changes have been proposed to be made from the original complaint.

As to Plaintiff's motion for enlargement of time in which to answer the

defendants motions for dismissal, Fed. R. Civ. P. 6(b) provides that:

> the court for cause shown may at any time in its discretion . . . (1) with or without motion or notice order the period [of time to respond] enlarged if request therefor is made before the expiration of the period originally prescribed . . ., or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

Plaintiff's motion was filed prior to the expiration of the period prescribed. In addition, Plaintiff's proffered reason of difficulty researching the filing time requirements constitutes sufficient cause for an extension of time due to the fact that Plaintiff's motion to amend his complaint may be meritorious. Accordingly, IT IS ORDERED that Plaintiff's motion be GRANTED IN PART, as follows:

1. Plaintiff shall file his proposed amended complaint within ten days of the date of this order, with all proposed changes clearly indicated.

2. Within ten days after service of this Court's decision regarding Plaintiff's amended pleading the Defendants shall either: (a) answer Plaintiff's amended complaint, thereby withdrawing their respective motion to dismiss; (b) submit a supplemental brief supporting their respective motions to dismiss and addressing any new claims in Plaintiff's amended pleading, or (c) submit a statement indicating that they wish to rely upon the brief originally submitted in support of their motion for dismissal.

3. Plaintiff shall respond to any defendant's motion for dismissal within 10 days after service of either a supplemental brief or statement indicating reliance upon the originally submitted motion.

SO ORDERED.

Dated: October 14, 2008                    s/Steven D. Pepe
Ann Arbor, Michigan                        United States Magistrate Judge

371 U.S. at 182).

On April 15, 2008, a waiver of service was return unexecuted as to Faelyn Fellhauer (Dkt. #7). K. Wright, Litigation Coordinator at Adrian Correction Facilities, Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, MI 49221 returned the documents stating that Ms. Fellhauer was no longer employed at the Michigan Department of Corrections. On July 21, 2008, Plaintiff filed a motion to effectuate service and extension of time to effect services (Dkt. # 18).

Given Plaintiff's status, as a *pro se* party, his problems effectuating proper service are understandable. Accordingly, this Court orders that:

1. Service will be effectuated, by the U.S. Marshals, upon Faelyn Fellhauer.

2. The MDOC shall provide to the U.S. Marshals Service, under seal, Defendant's last home address. Her last place of employment with the MDOC was at the Gus Harrison Correction Facility, 2727 East Beecher Street, Adrian, MI 49221.

3. Costs and fees associated with effectuating service will be charged to Plaintiff.

4. The date on the summons shall be extended to September 30, 2008.

The Clerk shall provide a copy of the summons (with an amended date) and complaint and a copy of this order to the U.S. Marshals Service to effect service .

**SO ORDERED.**

Date: August 15, 2008                     s/Steven D. Pepe
Ann Arbor, Michigan                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 14, 2008.

                                                                            s/ V. Sims  
                                                                            Case Manager to Magistrate  
                                                                            Judge Steven D. Pepe  
                                                                            (734) 741-2298