UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BOWEN,

       Plaintiff,                       Case Number: 08-cv-12877

v.                                   DISTRICT JUDGE AVERN COHEN
MICHIGAN DEPARTMENT           MAGISTRATE JUDGE STEVEN D. PEPE
OF CORRECTIONS, *et al.*,

       Defendants.

_____

## REPORT AND RECOMMENDATION

      Plaintiff, David Bowen, is presently incarcerated by the Michigan Department of Corrections ("MDOC"). On July 7, 2008, Plaintiff filed this action under 42 U.S.C. § 1983 against MDOC and Sergeant Allen, alleging violations of the Eighth Amendment's protection against cruel and unusual punishment (Dkt. #1). Plaintiff complains that on July 18, 2007, Sargent Allen forced Plaintiff to move to a cell on an upper floor, although Plaintiff had a medical detail for a ground floor cell. On July 25, 2007, Plaintiff fell down 26 steps and injured his back. Plaintiff seeks a declaratory judgment regarding the quality of his medical care and an "injunction" to obtain compensatory damages. Service has yet to be made of Defendant Sargent Allen.

      On August 22, 2008, Caruso filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) based on the fact that Patricia Caruso is not a named Defendant (Dkt. #11). Plaintiff, by way of letter, moved this court to allow him to amend his complaint to add "these individuals as defendant [sic]." He further requested an extension of time to respond to the motion to dismiss. This Court granted Plaintiff's motion in part, ordering him on November 3, 2008 to submit a

1

proposed amended complaint within ten days (Dkt. # 16).  Plaintiff has not amended his pleadings.

All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b) (Dkt. #7).  For the reasons stated below, it is **RECOMMENDED** that Defendant Caruso's motion to dismiss be **GRANTED IN PART**.

## I.    ANALYSIS

MDOC's Director, Patricia Caruso received a request from the U.S. Marshals Service to waive service in this action, and her office executed that wavier on July 22, 2008 (Dkt. # 8).  Although the Complaint names only MDOC and Sargent Allen, Caruso appears to believe the Complaint and waiver of service were directed to her in an individual capacity rather than to MDOC.  She moves to dismiss the complaint on the basis that it does not name her as a defendant and contains no allegations against her.

To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Further, liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v Lutrell*, 199 F3d 295, 300 (CA 6, 1999) (citing *Salehpour v University of Tennessee*, 159 F3d 199, 206 (CA 6, 1998), cert denied, 119 S Ct 1763 (1999)).

A prison official cannot be held liable under 42 U.S.C. § 1983 unless he or she was personally involved in the matters giving rise to the complaint.  *Rizzo v. Goode*, 423 U.S. 362 (1976).  It is a well-settled maxim that pro se complaints are held to a "less stringent standard"

2

than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Yet, even under the less stringent standard, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants.

Allegations premised on respondeat superior are also foreclosed in 42 U.S.C. § 1983 actions. *Monell v. Dept of Social Servs,* 436 U.S. 658 (1978). The Sixth Circuit has held that in order to impose liability on supervisory personnel, a Plaintiff must show more than having brought offending conduct to the attention of supervisory officials.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.) *cert. denied*, 469 U.S. 845 (1984) (citing *Hays v. Jefferson County*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Similarly, merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under 42 U.S.C. § 1983. *Poe v Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

Plaintiff has failed to allege any personal involvement of Patricia Caruso. He has also not alleged that she was aware of his complaints and implicitly authorized Sargent Allen's actions. She is therefore entitled to dismissal in her individual capacity due to insufficient allegations of personal involvement.

There remains Ms. Caruso's official role as Director of MDOC. Ordinarily, a state agency is immune from suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police, 492 U.S. 58, 71 (1989).* This immunity extends to state officers sued in their official

3

capacity for money damages.  *Id.*  However, state officers may be sued in their official capacity

for prospective declaratory or injunctive relief.  When MDOC appears in this case, it may assert

any defenses it deems appropriate.  Until further proceedings, jurisdiction should be retained

over Ms. Caruso in her official capacity to resolve Plaintiff's request for declaratory relief

regarding the quality of his medical care.

## II.   RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendant Caruso's motion to

dismiss be **GRANTED IN PART** and that Ms. Caruso be dismissed in her individual capacity, but

that jurisdiction over Ms. Caruso in her official capacity be retained in connection with

Plaintiff's request for declaratory relief against MDOC.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within ten (10) days of service of a copy

hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S.

140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others

with specificity, will not preserve all the objections a party might have to this report and

recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR

72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.


Dated: February 25, 2009                         s/Steven D. Pepe_____
Ann Arbor, MI                                    United States Magistrate Judge